STATE *v.* JOHN BUCHANAN *et al.* EDITHA BUCHANAN,
*Plaintiff in Error.*

(No. 6772)

Submitted October 6, 1931. Decided October 13, 1931.

*H. W. B. Mullins* and *Fulton & Riddle* for plaintiff in error.
*Howard B. Lee,* Attorney General and *R. A. Blessing* Assistant Attorney General, for the State.

WOODS, JUDGE:

John Buchanan and Editha Buchanan, his wife, were convicted in the circuit court of Boone county of a felony—larceny of a cow of the value of $50.00—and sentenced to the penitentiary for two years; and the wife brings error.

The State introduced evidence to the effect that the cow in question was stolen from the home of Watt Stevens, in Logan county, on the 22nd day of April, 1929; that on the following morning the two defendants, representing themselves to be F. Williams and wife, led the cow up to the home of Dewey L. Miller in Boone county, and sought to sell her, stating that they were travelling through the county and got wearied of driving her. The wife stated that the cow belonged to her and that she would not sell unless her husband would get her another, to which the husband responded that when they got located and he got to work that he would do so. Mrs. Buchanan

remained at the house while Miller and her husband took the cow to the barn. Miller, after milking the cow, offered $35.00 for her; whereupon Buchanan replied that he would go back to the house and consult his wife about it. In the meantime the wife had been telling Mrs. Miller of the good qualities of the cow, ostensibly to aid the sale. After the consultation the two agreed to accept the offer, and Miller wrote out his check in the amount of $35.00, to the husband as F. Williams. Buchanan and his wife took the check and called at the nearby store of F. W. Perdue who refused to cash it, advising that he never cashed stranger's checks. Thereupon they went to the store of Henry Hager, who recognized the check as being in Miller's handwriting, accepted it, and gave the defendants in exchange therefor some articles out of the store and the balance in cash. The cow was afterwards identified as the property of Watt Stevens and the sellers thereof as John Buchanan and Editha Buchanan.

The plaintiff in error as well as her husband relied upon the defense that they were not the parties who made the sale in Boone county; that they lived in Logan county and were at home at the time the larceny was committeed, and further, that they were never in the vicinity of Watt Stevens' home in their lives. While the evidence on these material points was very contradictory, it was a matter for the jury to determine.

Was there any error in law committed by the trial court for which the case should be reversed? We see no error in the four instructions given at the instance of the state. Seven of the defendant's instructions were given as requested, and three in a modified form. There was nothing in the modifications that made the action of the court erroneous. We think that the case was very fairly submitted to the jury.

The remaining question is whether the plaintiff in error was under the compulsion of her husband at the time the crime was committed, and hence not criminally liable. At common law there is a *prima facie* presumption that a wife accused of a crime committed jointly with her husband, or by her in his presence, was under the compulsion of her husband. 13 R. C. L., sec. 274, p. 1238. According to the authorities this rule does not apply in the offenses of murder, treason or robbery.

*Regina* v. *Cruse,* 8 Car. & P. 541. As we have no statute in any way modifying this rule, we take it that it should be applied in the instant case, though, doubting along with the trend of the cases the advisability of maintaining this rule in modern times. The presumption, however, is in no respect conclusive. According to the better view, the presumption of coercion is *prima facie* only, and the wife may be held criminally liable if it be shown that she acted of her own free will and volition. This presumption is very slight, and may be rebutted by slight circumstances. 13 R. C. L., sec. 275. The Virginia court held in a case, binding on this Court, that if the circumstances show that she was not acting under such coercion, but of her own free will, then she is accountable for her acts. *Uhl* v. *Commonwealth,* 6 Gratt. 707. This rule was adopted by this Court and applied in the case of *State* v. *Susan McDonie,* 96 W. Va. 224. The Court there refused to instruct the jury that the presumption was that she was acting under her husband's instruction and "if she was acting under such coercion" to find the defendant not guilty. The court said: "Under the circumstances * * * where neither the defendant nor her husband attempted to say that she was acting under his control or will * * * we do not see that the jury could have returned a different verdict than the one returned had the instruction been given. Such instruction might have misled them." An instruction on this point was not asked for in the instant case; hence we are left to determine from the evidence whether or not plaintiff in error acted under her own free will and volition.

It will be remembered that the testimony showed that while the husband was at the barn with Miller, Mrs. Buchanan remained at the house with Mrs. Miller. She gave no impression that she was not in accord with the sale, but on the contrary told Mrs. Miller of the good qualities of the cow in a way that impressed Mrs. Miller that she was urging the sale. Mr. Miller said that he and the husband returned from the barn to get the latter's wife's consent to the sale, and that "she agreed to take the $35.00 for the cow". Perforce the defense of alibi the evidence of the state showing that the wife acted of her

own free will and volition was without denial and subject to all reasonable inferences in support thereof.

The jury interpreted the evidence as rebutting the presumption of marital compulsion, and the trial court has entered judgment in accord with their verdict. We cannot disturb the judgment.

*Affirmed.*